**TEXAS WEST OIL & GAS CORPORATION, et al., Appellants,**

v.

**EL PASO GAS TRANSPORTATION COMPANY, Appellee.**

No. 7079.

Court of Appeals of Texas, El Paso.

Jan. 20, 1982.

Rehearing Denied Feb. 24, 1982.

**522**

Hinkle, Cox, Eaton, Coffield & Hensley, Conrad E. Coffield, Harold L. Hensley, Jr., William B. Burford, Midland, for appellants.

McGowen & McGowen, Pecos, Grambling, Mounce, Sims, Galatzan & Harris, William J. Mounce, John S. Birkelbach, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

STEPHEN F. PRESLAR, Chief Justice.

This is an appeal from a declaratory judgment action wherein El Paso Gas Transportation Company sued Texas West Oil & Gas Corporation and others for construction of a price redetermination provision in a natural gas purchase contract. The controversy centers on the meaning of the words "then being paid." We affirm the judgment of the trial Court which held that those words had no trade or technical meaning within the industry, and that they should be given their plain and ordinary meaning.

On January 17, 1979, Appellants, as sellers of gas from a single high cost "107" well, and, Appellee, as buyer, entered into a gas purchase contract which contained a price redetermination provision to be employed when gas was deregulated in accordance with the Federal Natural Gas Policy Act of 1978. Prices were, in fact, deregulated some ten months later on November 1, 1979.

The portion of the contract relevant to this controversy is as follows:

"2. Within thirty (30) days following the effective date of the deregulation of the price for gas to be sold and delivered hereunder in accordance with the provisions of the Natural Gas Policy Act of 1978, and thereafter within thirty (30) days following each anniversary date of such deregulation, representatives of Buyer and Seller shall redetermine the price payable for gas hereunder to equal the arithmetic average of the three (3) highest prices (including but not limited to escalations and adjustments for heating value and for taxes) then being paid by recognized gas pipeline companies for gas of similar quality and pressure in Texas Railroad Commission District 8; provided, however, such redetermined price shall not be less than the price in effect prior to the time of any such redetermination. Subject to the provisions of 3. of this Article X, such redetermined price will become effective in the first instance on the effective date of such deregulation, and subsequently on each anniversary date of such deregulation."

At the time the price was to be redetermined, a dispute evolved between the Appellants and the Appellee as to the meaning of the words "then being paid" as used in the contract provisions set out above. It was Appellants' position that prices "then being paid" for gas included all prices for which agreement had been reached, or for which offers had been made as a result of bona fide negotiations between recognized gas pipeline companies and sellers of gas of similar quality and pressure in Texas Railroad Commission District 8. Appellee's contention was that prices "then being paid" means prices which were, in fact, paid by recognized pipeline companies on November 1, 1979. Appellee brought this suit seeking declaratory judgment, and in a trial before the Court without a jury, Appellee's position prevailed.

Appellants' Point of Error No. 1 is "the district court erred in concluding that prices

being offered or negotiated or prices payable under contracts executed after November 1, 1979, which are retroactive to November 1, 1979, are not to be considered in redetermining the price under the contract, and that the only prices to be used are prices which were in fact paid on November 1, 1979, because there is no evidence in the record to support so exclusive a definition of the language used in the contract." A second point of error is that the evidence is factually insufficient to support the conclusions as enumerated in Point of Error No. 1.

Appellee's reply to those points of error is that the case should be affirmed because the contract is all the evidence that the Court needed to, or could, properly consider in interpreting and considering the disputed clause. Because the contract was unambiguous, no evidence of the plain, ordinary, generally accepted meaning of the words are necessary, and any testimony regarding the meaning would be inadmissible.

The trial Court found, and the parties agree, that the contract is not ambiguous. In the recent case of *Sun Oil Company v. Madeley, et al.*, Tex., 626 S.W.2d 726 (1981), the Supreme Court quoted from its former case of *City of Pinehurst v. Spooner Addition Water Company*, 432 S.W.2d 515 (Tex. 1968), as follows:

"It is the general rule of the law of contracts that where an unambiguous writing has been entered into between the parties, the courts will give effect to the intention of the parties as expressed or as is apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls. 432 S.W.2d at 518."

In the case before us, the trial Court not only found the contract to be unambiguous but found specifically that the words "then being paid" are unambiguous and should be accorded their plain, ordinary, and generally accepted meaning. We are unaware of any authority that proof is required of the meaning of plain, ordinary language in such a situation. In the absence of ambiguity, the meaning of the contract becomes a question of law for the Court. *Stahl Petroleum Company v. Phillips Petroleum Company*, 550 S.W.2d 360 (Tex.Civ.App.—Amarillo 1977) aff'd, 569 S.W.2d 480 (Tex.1978); *Myers v. Gulf Coast Minerals Management Corporation*, 361 S.W.2d 193 (Tex.1962). As a matter of law, the meaning of the contract is determined by the language used therein. *Tower Contracting Company v. Flores*, 157 Tex. 297, 302 S.W.2d 396 (1957), and that language is to be construed by the Court. *Republic National Life Insurance Company v. Spillars*, 368 S.W.2d 92 (Tex. 1963). The terms the parties used are to be given their plain, ordinary and generally accepted meaning unless the instrument itself shows the terms are used in a different sense. *Western Reserve Life Ins. Co. v. Meadows*, 152 Tex. 559, 261 S.W.2d 554 (1953); *Stahl Petroleum Company v. Phillips Petroleum Company, supra.* As this Court said in *Wahlenmaier v. American Quasar Petroleum Company*, 517 S.W.2d 390 (Tex.Civ.App.—El Paso 1974, writ ref'd n. r. e.), "in the process of fixing a meaning to a writing, a court must be guided by certain standards. Normally, a court can assume that the parties used the words in their popular or normal acceptation and can apply that standard. 2 C. McCormick & R. Ray, *Texas Law of Evidence* sec. 1682 (2d Ed. 1956)." In the case before us, it is evident that the Court accorded the words "then being paid" their plain, ordinary, and generally accepted meaning in determining the price to be paid under the Gas Purchase Agreement. That, the Court could do without the benefit of evidence as to their meaning.

Appellant's third point of error is that the District Court erred in finding that there is no trade or technical usage of the words "then being paid" in the natural gas industry, because the finding is contrary to the great weight and preponderance of the evidence. The oil field, including the gas industry, has a language all its own as any "roughneck" well knows; but the trier of fact of this case has found that the words "then being paid" do not have a technical meaning in the industry.

Appellants' proof consisted of expert testimony that the words "then being paid" were not used in their usual and popular sense by the parties, but have a technical or trade meaning. Appellee offered expert testimony to the contrary. In a bench trial case, it is the duty of the trial Judge to pass on the credibility of the witnesses and upon the weight to be given their testimony. He can reject or accept the testimony of any witness in whole or in part, and while this Court may not have reached the same conclusion as the trial Judge, it is not permitted to substitute its judgment for his. *Tammen v. Page*, 584 S.W.2d 914 (Tex.Civ.App.—Eastland 1979, writ ref'd n. r. e.); *Shaw v. Holmes*, 524 S.W.2d 74 (Tex.Civ.App.—Waco 1975, no writ); *Flagg Realtors, Inc. v. Harvel*, 509 S.W.2d 885 (Tex.Civ.App.—Amarillo 1974, writ ref'd n. r. e.). Reviewing all the evidence pro and con, we do not find the trial Court's finding to be against the great weight and preponderance of the evidence.

All points of error have been considered, and all are overruled. The judgment of the trial Court is affirmed.