**In the Matter of the MARRIAGE OF Raymond BECERRA and Barbara Becerra.**

No. 06–01–00137–CV.

Court of Appeals of Texas, Texarkana.

Submitted Jan. 15, 2003.

Decided March 6, 2003.

Antonio Olvera Jr., Antonio Olvera, Jr. & Associates, Dallas, for appellant.

Danny Woodson, Law Offices of Danny Woodson, Mount Pleasant, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

On February 23, 2001, the trial court granted Raymond and Barbara Becerra a divorce on the ground of cruelty by Raymond. The court awarded a division of the community property slightly favoring Barbara. On appeal, Raymond contends the evidence was factually and legally insufficient to support the trial court's findings of fact, and the division of property violated Section 7.001 of the Texas Family

Code. *See* Tex. Fam.Code Ann. § 7.001 (Vernon 1998).

On February 26, 1996, after living together for approximately nine years, Raymond and Barbara were married. After about three years of marriage, Raymond left in April of 1999 and did not return until November. Thereafter, the couple entered marriage counseling, but Raymond left again in February of 2000 and filed for divorce on May 3, 2000. Barbara filed a counter-petition for divorce based on cruelty and requested a division of the community estate. The trial court granted the divorce and awarded a division of the community estate which favors Barbara.

### Legal Sufficiency of the Evidence

■■■■ In his first point of error, Raymond contends the evidence was legally insufficient to support the trial court's findings of fact and conclusions of law. Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict on questions. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 794 (Tex. 1991); *L.R. French, Jr. v. Diamond Hill–Jarvis Civic League,* 724 S.W.2d 921, 922 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal sufficiency of the evidence by the same standard used when reviewing a jury's finding. *Creative Mfg., Inc. v. Unik, Inc.,* 726 S.W.2d 207, 210 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.); *Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.). Accordingly, we review the evidence in a light that tends to support the findings and disregard all evidence and inferences to the contrary. *Lee Lewis Constr., Inc. v. Harrison,* 70 S.W.3d 778, 782 (Tex.2001); *Bradford v. Vento,* 48 S.W.3d 749, 754 (Tex.2001). If more than a scintilla of evidence exists, it is legally sufficient. *Lee Lewis Constr., Inc.,* 70 S.W.3d at 782–83. More than a scintilla of

evidence exists if the evidence furnishes some reasonable basis for differing conclusions by reasonable minds about a vital fact's existence. *Id.*

In the present case, Raymond contends the following findings of fact are legally insufficient:

> A disproportionate division of community property in favor of Barbara Becerra is appropriate based on the evidence adduced at trial of the egregious conduct of Raymond Becerra which included Raymond Becerra's spending extraordinary sums of money on other women during his marriage to Barbara Becerra.
>
> Based on the evidence adduced at trial, Raymond Becerra's testimony was found to be neither credible nor trustworthy.

First, we address the trial court's finding that Raymond spent extraordinary sums on other women. Barbara produced evidence showing Raymond paid $3,933.00 to his ex-wife, Delia Becerra, and $9,864.73 to Anna Morial. Based on that evidence alone, there is more than a scintilla of evidence supporting the trial court's finding. Therefore, the evidence was legally sufficient to support such finding.

■■■■ Second, we address the trial court's finding that Raymond's testimony was neither credible nor trustworthy. In a bench trial case, it is the duty of the trial court to pass on the credibility of the witnesses and on the weight to be given their testimony. *Tex. W. Oil & Gas Corp. v. El Paso Gas Transp. Co.,* 631 S.W.2d 521, 524 (Tex.App.-El Paso 1982, writ ref'd). A trial court can reject or accept the testimony of any witness in whole or in part. Whether this Court would have reached the same conclusion is not relevant, and we are not permitted to substitute our judgment for that of the trial court. *Id.* Raymond's credibility and trustworthiness were called into question

several times throughout the trial. Specifically, Raymond admitted submitting discovery responses that were not accurate, he admitted telling Barbara he was not married when in fact he was married, and he told Alice Becerra, one of his ex-wives, that he was no longer married in November of 1999, when in fact he was still married to Barbara. Therefore, when viewing the evidence in a light most favorable to the trial court, there is more than a scintilla of evidence supporting the trial court's finding that Raymond lacked credibility.

■ Raymond also contends the evidence was legally insufficient to support the following finding:

> The disproportionate division of community property in favor of Barbara Becerra is further justified based on **undisputed** testimony that Raymond Becerra stated he did not love Barbara Becerra but was going to marry her since he would be able to get her to build him a house. This statement was consistent with other testimony regarding Raymond Becerra's pattern of conduct in the past wherein he took economic advantage of women.

(Emphasis added.) Raymond contends the finding is unfounded because he disputed making such comments. True, the trial court's use of the word "undisputed" was wrong. The record, however, contains evidence concerning Raymond's lack of love for Barbara and his selfish motives, as well as supporting the court's determination that Raymond took economic advantage of women. Barbara produced testimony from Alice Becerra, one of Raymond's ex-wives, that, while Alice was married to Raymond, he wrote a letter to his first wife stating he wanted to leave Alice, but he could not justify the move financially. Alice testified Raymond told her he did not love Barbara but was mar-

rying her so she would help him build a house. Alice also testified she paid the bills when they were married, and she loaned him $12,000.00 to repair a house he owned in Fort Worth. Additionally, Raymond took a check from Alice, completed it, and attempted to cash it for $5,000.00, all apparently without her consent. The drawee bank notified Alice, and she was able to stop Raymond from cashing the check. Raymond admitted cashing, without Barbara's consent, a check for about $4,000.00 to $4,200.00 from an account containing Barbara's retirement funds, before filing for divorce, and Barbara also testified to that act. Based on the foregoing, there is more than a scintilla of evidence to support the trial court's findings, and any error in the trial court's use of the word "undisputed" did not cause the rendition of an improper judgment and does not warrant a reversal. *See* Tex. R.App. P. 44.1; *Lee Lewis Constr., Inc.*, 70 S.W.3d at 782–83; *McDermott v. Cronin*, 31 S.W.3d 617, 623–25 (Tex.App.-Houston [1st Dist.] 2000, no pet.).

### *Factual Sufficiency of the Evidence*

■ In his second point of error, Raymond contends the evidence was factually insufficient to support the trial court's findings of fact. The trial court's findings of fact are reviewable for factual sufficiency of the evidence by the same standards used when reviewing a jury verdict. *Anderson*, 806 S.W.2d at 794. Thus, to determine factual sufficiency, we must consider all the evidence and set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

The only evidence Raymond offered in rebuttal to the trial court's findings of fact was his own testimony to the contrary. Raymond testified that all the money he gave to others during the marriage was

loaned and that each loan was paid back with the exception that one male borrower defaulted. Raymond failed to produce documentary evidence supporting his contention. Raymond also testified he never told Alice Becerra he did not love Barbara before their marriage or that he married her for financial gain. Further, after being asked whether he had developed a pattern of taking advantage of women with money and then leaving them, Raymond stated he had never been guilty of such actions. As set forth above, however, Barbara presented evidence contrary to Raymond's testimony. In a bench trial, it is the duty of the trial court to pass on the credibility of the witnesses and on the weight to be given their testimony. *Tex. W. Oil & Gas Corp.*, 631 S.W.2d at 524. Given the discretion that is afforded the trial court in assessing the credibility of the witnesses, there is nothing in the record that would render the trial court's findings or conclusions wrong and unjust. Accordingly, the evidence was factually sufficient to support the trial court's judgment.

### Property Division

■ In his third point of error, Raymond contends the disproportionate division of the community estate violated Section 7.001 of the Texas Family Code. The Texas Family Code provides in relevant part: "In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party . . . ." TEX. FAM.CODE ANN. § 7.001. When we review a trial court's division of marital property, we presume the trial court exercised its discretion properly. *Vallone v. Vallone*, 644 S.W.2d 455, 460 (Tex.1982); *Murff v. Murff*, 615 S.W.2d 696 (Tex.1981). We will not disturb a trial court's ruling unless a complainant has shown a clear abuse of discretion. *Vallone*, 644 S.W.2d at 460. A clear abuse of discretion is

shown only if the division of property is manifestly unjust and unfair. *Trevino v. Trevino*, 555 S.W.2d 792, 802 (Tex.App.-Corpus Christi 1977, no writ). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, and no abuse is found in the mere fact that a trial court may decide a matter within its discretionary authority differently than would an appellate judge. *Jones v. Jones*, 804 S.W.2d 623, 624 (Tex.App.-Texarkana 1991, no writ).

■ Trial courts have wide discretion in the division of property on divorce and are allowed to take many factors into consideration. *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998) (court took into account wasting of community assets by husband in making disproportionate division of community in favor of wife). The trial court's discretion, however, is not unlimited, and some reasonable basis must exist for an unequal division of the property. *O'Carolan v. Hopper*, 71 S.W.3d 529, 532 (Tex.App.-Austin 2002, no pet.); *Zieba v. Martin*, 928 S.W.2d 782, 790 (Tex.App.-Houston [14th Dist.] 1996, no writ).

In addition to the previously mentioned findings of fact and conclusions of law, the trial court found that a disproportionate division was justified based on Barbara's reimbursement claims. Specifically, Barbara produced evidence she was entitled to a reimbursement to her separate property for the following contributions:

(1) reimbursement claim for $3,000.00 paid on Raymond's Discover card (his obligation), by a charge to Barbara's AT & T card (her obligation);

(2) reimbursement claim for Barbara's separate property stock that she sold in the amount of $10,000.00 to help Raymond's business that was his separate property;

(3) reimbursement claim for a house and two acres that was her separate

property, sold for $17,000.00 to help Raymond financially; and

(4) reimbursement claim in the amount of $21,500.00 for Barbara's separate property funds derived from the sale of her separate property home that were used to build the community property marital residence.

Moreover, the trial court held that the property division was based in part on debts allocated to be paid by Barbara to Raymond in the amount of $10,000.00 and the attorney's fees incurred by Barbara in defending the petition for divorce filed by Raymond. *See Murff,* 615 S.W.2d at 699 (holding attorney's fee is but a factor to be considered by court in equitably dividing estate, considering conditions and needs of parties and all surrounding circumstances). Based on the foregoing, there is ample evidence in the record to support the trial court's division, and Raymond has failed to present any evidence that would render the division manifestly unjust or unfair. *See Trevino,* 555 S.W.2d at 802. Therefore, based on the trial court's findings of fact that Raymond wasted community assets, was guilty of cruelty, and caused Barbara to incur further debt as a result of the divorce proceeding, the trial court has not abused its discretion by awarding Barbara a larger share of the community estate.[1]

For the reasons stated, we affirm the trial court's judgment.

---

1. The award was only slightly in Barbara's favor, i.e., 51.48 percent to her compared with 48.52 percent to Raymond. While the authorities tend to label any division awarding one party more than fifty percent of the community estate as "disproportionate," the trial court was clearly within its discretion to award a division in favor of Barbara, given the facts of the present case. *See In re Marriage of Moore,* 890 S.W.2d 821, 842 (Tex. App.-Amarillo 1994, no writ); *Rider v. Rider,* 887 S.W.2d 255, 259 (Tex.App.-Beaumont 1994, no writ).