In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00137-CV


______________________________







IN THE MATTER OF THE MARRIAGE OF RAYMOND BECERRA 


AND BARBARA BECERRA







 


On Appeal from the 8th Judicial District Court


Franklin County, Texas


Trial Court No. 9247




 




Before Morriss, C.J., Ross and Carter, JJ.


Opinion by Chief Justice Morriss



O P I N I O N



 On February 23, 2001, the trial court granted Raymond and Barbara Becerra a divorce on the
ground of cruelty by Raymond. The court awarded a division of the community property slightly
favoring Barbara. On appeal, Raymond contends the evidence was factually and legally insufficient
to support the trial court's findings of fact, and the division of property violated Section 7.001 of the
Texas Family Code. See Tex. Fam. Code Ann. § 7.001 (Vernon 1998).

 On February 26, 1996, after living together for approximately nine years, Raymond and
Barbara were married. After about three years of marriage, Raymond left in April of 1999 and did
not return until November. Thereafter, the couple entered marriage counseling, but Raymond left
again in February of 2000 and filed for divorce on May 3, 2000. Barbara filed a counter-petition for
divorce based on cruelty and requested a division of the community estate. The trial court granted
the divorce and awarded a division of the community estate which favors Barbara.

Legal Sufficiency of the Evidence

 In his first point of error, Raymond contends the evidence was legally insufficient to support
the trial court's findings of fact and conclusions of law. Findings of fact in a case tried to the court
have the same force and dignity as a jury's verdict on questions. Anderson v. City of Seven Points,
806 S.W.2d 791, 794 (Tex. 1991); L. R. French, Jr. v. Diamond Hill-Jarvis Civic League, 724
S.W.2d 921, 922 (Tex. App.-Fort Worth 1987, writ ref'd n.r.e.). The trial court's findings of fact are
reviewable for legal sufficiency of the evidence by the same standard used when reviewing a jury's
finding. Creative Mfg., Inc. v. Unik, Inc., 726 S.W.2d 207, 210 (Tex. App.-Fort Worth 1987, writ
ref'd n.r.e.); Okon v. Levy, 612 S.W.2d 938, 941 (Tex. Civ. App.-Dallas 1981, writ ref'd n.r.e.). 
Accordingly, we review the evidence in a light that tends to support the findings and disregard all
evidence and inferences to the contrary. Lee Lewis Constr., Inc. v. Harrison, 70 S.W.3d 778, 782
(Tex. 2001); Bradford v. Vento, 48 S.W.3d 749, 754 (Tex. 2001). If more than a scintilla of
evidence exists, it is legally sufficient. Lee Lewis Constr., Inc., 70 S.W.3d at 782-83. More than a
scintilla of evidence exists if the evidence furnishes some reasonable basis for differing conclusions
by reasonable minds about a vital fact's existence. Id. 

 In the present case, Raymond contends the following findings of fact are legally insufficient: 

 A disproportionate division of community property in favor of Barbara Becerra is
appropriate based on the evidence adduced at trial of the egregious conduct of
Raymond Becerra which included Raymond Becerra's spending extraordinary sums
of money on other women during his marriage to Barbara Becerra.


 Based on the evidence adduced at trial, Raymond Becerra's testimony was found to
be neither credible nor trustworthy.

 First, we address the trial court's finding that Raymond spent extraordinary sums on other
women. Barbara produced evidence showing Raymond paid $3,933.00 to his ex-wife, Delia
Becerra, and $9,864.73 to Anna Morial. Based on that evidence alone, there is more than a scintilla
of evidence supporting the trial court's finding. Therefore, the evidence was legally sufficient to
support such finding.

 Second, we address the trial court's finding that Raymond's testimony was neither credible
nor trustworthy. In a bench trial case, it is the duty of the trial court to pass on the credibility of the
witnesses and on the weight to be given their testimony. Tex. W. Oil & Gas Corp. v. El Paso Gas
Transp. Co., 631 S.W.2d 521, 524 (Tex. App.-El Paso 1982, writ ref'd). A trial court can reject or
accept the testimony of any witness in whole or in part. Whether this Court would have reached the
same conclusion is not relevant, and we are not permitted to substitute our judgment for that of the
trial court. Id. Raymond's credibility and trustworthiness were called into question several times
throughout the trial. Specifically, Raymond admitted submitting discovery responses that were not
accurate, he admitted telling Barbara he was not married when in fact he was married, and he told
Alice Becerra, one of his ex-wives, that he was no longer married in November of 1999, when in fact
he was still married to Barbara. Therefore, when viewing the evidence in a light most favorable to
the trial court, there is more than a scintilla of evidence supporting the trial court's finding that
Raymond lacked credibility.

 Raymond also contends the evidence was legally insufficient to support the following
finding: 

 The disproportionate division of community property in favor of Barbara Becerra is
further justified based on undisputed testimony that Raymond Becerra stated he did
not love Barbara Becerra but was going to marry her since he would be able to get
her to build him a house. This statement was consistent with other testimony 

 regarding Raymond Becerra's pattern of conduct in the past wherein he took
economic advantage of women. 


(Emphasis added.) Raymond contends the finding is unfounded because he disputed making such
comments. True, the trial court's use of the word "undisputed" was wrong. The record, however,
contains evidence concerning Raymond's lack of love for Barbara and his selfish motives, as well
as supporting the court's determination that Raymond took economic advantage of women. Barbara
produced testimony from Alice Becerra, one of Raymond's ex-wives, that, while Alice was married
to Raymond, he wrote a letter to his first wife stating he wanted to leave Alice, but he could not
justify the move financially. Alice testified Raymond told her he did not love Barbara but was
marrying her so she would help him build a house. Alice also testified she paid the bills when they
were married, and she loaned him $12,000.00 to repair a house he owned in Fort Worth. 
Additionally, Raymond took a check from Alice, completed it, and attempted to cash it for
$5,000.00, all apparently without her consent. The drawee bank notified Alice, and she was able to
stop Raymond from cashing the check. Raymond admitted cashing, without Barbara's consent, a
check for about $4,000.00 to $4,200.00 from an account containing Barbara's retirement funds,
before filing for divorce, and Barbara also testified to that act. Based on the foregoing, there is more
than a scintilla of evidence to support the trial court's findings, and any error in the trial court's use
of the word "undisputed" did not cause the rendition of an improper judgment and does not warrant
a reversal. See Tex. R. App. P. 44.1; Lee Lewis Constr., Inc., 70 S.W.3d at 782-83; McDermott v.
Cronin, 31 S.W.3d 617, 623-25 (Tex. App.-Houston [1st Dist.] 2000, no pet.). 

Factual Sufficiency of the Evidence

 In his second point of error, Raymond contends the evidence was factually insufficient to
support the trial court's findings of fact. The trial court's findings of fact are reviewable for factual
sufficiency of the evidence by the same standards used when reviewing a jury verdict. Anderson,
806 S.W.2d at 794. Thus, to determine factual sufficiency, we must consider all the evidence and
set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986). 

 The only evidence Raymond offered in rebuttal to the trial court's findings of fact was his
own testimony to the contrary. Raymond testified that all the money he gave to others during the
marriage was loaned and that each loan was paid back with the exception that one male borrower
defaulted. Raymond failed to produce documentary evidence supporting his contention. Raymond
also testified he never told Alice Becerra he did not love Barbara before their marriage or that he
married her for financial gain. Further, after being asked whether he had developed a pattern of
taking advantage of women with money and then leaving them, Raymond stated he had never been
guilty of such actions. As set forth above, however, Barbara presented evidence contrary to
Raymond's testimony. In a bench trial, it is the duty of the trial court to pass on the credibility of the
witnesses and on the weight to be given their testimony. Tex. W. Oil & Gas Corp., 631 S.W.2d at
524. Given the discretion that is afforded the trial court in assessing the credibility of the witnesses,
there is nothing in the record that would render the trial court's findings or conclusions wrong and
unjust. Accordingly, the evidence was factually sufficient to support the trial court's judgment. 

Property Division

 In his third point of error, Raymond contends the disproportionate division of the community
estate violated Section 7.001 of the Texas Family Code. The Texas Family Code provides in
relevant part: "In a decree of divorce or annulment, the court shall order a division of the estate of
the parties in a manner that the court deems just and right, having due regard for the rights of each
party . . . ." Tex. Fam. Code Ann. § 7.001. When we review a trial court's division of marital
property, we presume the trial court exercised its discretion properly. Vallone v. Vallone, 644
S.W.2d 455, 460 (Tex. 1982); Murff v. Murff, 615 S.W.2d 696 (Tex. 1981). We will not disturb a
trial court's ruling unless a complainant has shown a clear abuse of discretion. Vallone, 644 S.W.2d
at 460. A clear abuse of discretion is shown only if the division of property is manifestly unjust and
unfair. Trevino v. Trevino, 555 S.W.2d 792, 802 (Tex. App.-Corpus Christi 1977, no writ). The test
for abuse of discretion is whether the trial court acted without reference to any guiding rules or
principles, and no abuse is found in the mere fact that a trial court may decide a matter within its
discretionary authority differently than would an appellate judge. Jones v. Jones, 804 S.W.2d 623,
624 (Tex. App.-Texarkana 1991, no writ). 

 Trial courts have wide discretion in the division of property on divorce and are allowed to
take many factors into consideration. Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex. 1998)
(court took into account wasting of community assets by husband in making disproportionate
division of community in favor of wife). The trial court's discretion, however, is not unlimited, and
some reasonable basis must exist for an unequal division of the property. O'Carolan v. Hopper, 71
S.W.3d 529, 532 (Tex. App.-Austin 2002, no pet.); Zieba v. Martin, 928 S.W.2d 782, 790 (Tex.
App.-Houston [14th Dist.] 1996, no writ). 

 In addition to the previously mentioned findings of fact and conclusions of law, the trial court
found that a disproportionate division was justified based on Barbara's reimbursement claims. 
Specifically, Barbara produced evidence she was entitled to a reimbursement to her separate property
for the following contributions:

 (1) reimbursement claim for $3,000.00 paid on Raymond's Discover card (his obligation),
by a charge to Barbara's AT&T card (her obligation);


 (2) reimbursement claim for Barbara's separate property stock that she sold in the amount of
$10,000.00 to help Raymond's business that was his separate property;


 (3) reimbursement claim for a house and two acres that was her separate property, sold for
$17,000.00 to help Raymond financially; and


 (4) reimbursement claim in the amount of $21,500.00 for Barbara's separate property funds
derived from the sale of her separate property home that were used to build the community
property marital residence.


Moreover, the trial court held that the property division was based in part on debts allocated to be
paid by Barbara to Raymond in the amount of $10,000.00 and the attorney's fees incurred by Barbara
in defending the petition for divorce filed by Raymond. See Murff, 615 S.W.2d at 699 (holding 
attorney's fee is but a factor to be considered by court in equitably dividing estate, considering
conditions and needs of parties and all surrounding circumstances). Based on the foregoing, there
is ample evidence in the record to support the trial court's division, and Raymond has failed to
present any evidence that would render the division manifestly unjust or unfair. See Trevino, 555
S.W.2d at 802. Therefore, based on the trial court's findings of fact that Raymond wasted
community assets, was guilty of cruelty, and caused Barbara to incur further debt as a result of the
divorce proceeding, the trial court has not abused its discretion by awarding Barbara a larger share
of the community estate. (1)

 For the reasons stated, we affirm the trial court's judgment. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 15, 2003

Date Decided: March 6, 2003




1. The award was only slightly in Barbara's favor, i.e., 51.48 percent to her compared with
48.52 percent to Raymond. While the authorities tend to label any division awarding one party more
than fifty percent of the community estate as "disproportionate," the trial court was clearly within
its discretion to award a division in favor of Barbara, given the facts of the present case. See In re
Marriage of Moore, 890 S.W.2d 821, 842 (Tex. App.-Amarillo 1994, no writ); Rider v. Rider, 887
S.W.2d 255, 259 (Tex. App.-Beaumont 1994, no writ).