# NO. 12-07-00411-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEPHEN WILLIAM KENTON,*<br>*APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *RAMIRO OLVERA,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

This appeal concerns the amount of damages for past and future medical expenses attributable to an auto accident. In a bench trial, the trial court found for the plaintiff, Appellant Stephen Kenton, and awarded $3,000.00 for past physical pain and mental anguish, disfigurement, and physical impairment suffered as a result of the accident and damages for past medical expenses in the amount of $482.00. Kenton presents two issues on appeal. In his first issue, Kenton contends the trial court erred in not awarding damages for past medical expenses in the sum of $2,642.00. In his second issue, Kenton claims the trial court erred in not awarding $8,000.00 in future medical expenses despite what Kenton claims was Appellee Ramiro Olvera's judicial admission that damages for future medical expenses in that amount was fair and reasonable. We affirm.

## BACKGROUND

On September 7, 2002, Kenton was the driver of a Chevrolet pickup pulling a bass boat on a trailer. Kenton's vehicle was stopped at an intersection on Gentry Parkway in Tyler, Texas, waiting for the traffic to start moving. In his rear view mirror, Kenton saw a pickup truck behind him, in his lane and accelerating toward the rear of his vehicle. Realizing that a collision was

certain, Kenton pressed hard on the brake of his stopped truck with his right foot and braced himself for the impact. The pickup plowed into the boat and boat trailer Kenton was towing imbedding the boat's propeller in its grill and knocking Kenton's truck and trailer fifteen feet down the roadway. Kenton got out of his pickup and was walking back toward the other vehicle when its driver suddenly backed his vehicle, then sped away down a side street scattering auto parts and fluid. Kenton saw and immediately recorded the license number of the vehicle.

At trial, Kenton identified Olvera as the driver of the 1990 Chevrolet pickup that had crashed into his boat and trailer. Olvera maintained he was in Oklahoma when the wreck occurred and could not have been the driver.

Two weeks after the accident, Kenton consulted F. Corry Payne, III, M.D. complaining of pain inside the knee that was more severe when he had to walk, kneel, or squat. The x-rays of the right knee were normal. Dr. Payne determined that Kenton had sustained "a right knee jamming injury to the articular cartilage and subchondral bone." At a follow up visit on October 10, 2002, Dr. Payne's examination revealed a full range of motion but Grade IV crepitation or popping with flexion or extension. Dr. Payne scheduled an MRI examination and another visit for two weeks later. Kenton cancelled the MRI citing financial problems. He returned sixteen months later on February 16, 2004, complaining that his knee had not improved. Kenton brought an open air MRI study with him that had been ordered by a chiropractor he had consulted only recently. At this point, Dr. Payne told him that arthroscopy might be the only solution, and Kenton told him he wished to proceed. However, once again he did not return.

At trial, two and one-half years later, Kenton testified that he had scheduled the operation for August 23, 2006. He testified that he had delayed the operation because he did not have the money to pay for it. Kenton scheduled the operation shortly after Dr. Payne's deposition during which the doctor testified that he had not seen Kenton for two and one-half years.

Kenton filed affidavits in compliance with Texas Civil Practice and Remedies Code section 18.001 stating that the amounts charged for his medical expenses were reasonable and the services provided were necessary. The affidavits establish the amounts charged and services provided as follows:

2

| $ 440.00 | Corry Payne, M.D. |
| $ 685.00 | Accident & Injury Pain Center |
| $1475.00 | White Rock Open Air MRI |
| $ 42.00 | Lone Star Radiology |

Olvera filed no affidavit as provided by section 18.001 controverting the reasonableness or necessity of the expenses incurred.

After the close of evidence, the trial court ordered the parties to submit findings of fact and conclusions of law. Kenton asked the court to find that he would need surgery to repair the damage to his knee from the collision. Kenton asked the court to find that $12,000.00 was a reasonable and necessary expense for that purpose.

Olvera, in his proposed findings, asked the court to find that he "was not involved and therefore not negligent on the occasion of the collision . . . ." His proposed finding of fact 11 reads as follows:

> Fair and reasonable compensation for medical expenses which Stephen Kenton will, in reasonable probability, incur in the future as a result of the accident of September 7, 2002, in which Ramiro Olvera was not involved, is $8,000.00.

The trial court found that, as a result of his injuries sustained in the car wreck, Kenton incurred reasonable and necessary medical expenses in the past for treatment by Dr. Payne in the sum of $440.00 and by Lone Star Radiology in the sum of $42.00. The trial court further found that Kenton would not need future medical care for injuries sustained in the wreck.

## EVIDENTIARY EFFECT OF SECTION 18.001 AFFIDAVIT CONCERNING COST AND NECESSITY OF SERVICES

In his first issue, Appellant complains that the trial court's award of $482.00 for past medical expenses was against the great weight of the evidence because the amount of medical expenses proven as reasonable and necessary by uncontroverted affidavits pursuant to the Texas Civil Practice and Remedies Code section 18.001 amounted to $2,642.00.

**Applicable Law**

Section 18.001 provides that

3

> [u]nless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(b) (Vernon 2008). An affidavit in compliance with section 18.001 is sufficient to show that the medical expenses incurred were reasonable and necessary, but it does not establish that those damages were caused by the defendant's negligence and therefore does not establish the plaintiff's entitlement to those damages as a matter of law. *Sloan v. Molandes*, 32 S.W.3d 745, 752 (Tex. App.–Beaumont 2000, no pet.); *Beauchamp v. Hambrick*, 901 S.W.2d 747, 749 (Tex. App.–Eastland 1995, no writ).

A trial court's findings of fact and a jury's verdict are reviewed for factual sufficiency of the evidence by the same legal standard. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). In reviewing factual sufficiency, the court of appeals must weigh all the evidence. *Id.* "Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust." *Id.* In a bench trial, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Texas W. Oil & Gas Corp. v. El Paso Gas Trans. Co.*, 631 S.W.2d 521, 524 (Tex. App.–El Paso 1982, writ ref'd n.r.e.). The trial court may accept or reject any witness's testimony in whole or in part. *Id.*

**Discussion**

Kenton argues that there was absolutely no testimony that the treatment received from all the providers was for anything but for injuries caused by the collision. He further points out that there was no controverting affidavit filed challenging the reasonableness of or the necessity for those services.

In his deposition testimony, Dr. Payne testified without objection that he could not think of any reason to see a chiropractor for a knee injury. In his testimony, Dr. Payne also indicated that the open air MRI performed by White Rock Open Air MRI was valueless as a diagnostic aid. Dr. Payne had at the outset recommended an enclosed MRI. Therefore, there was evidence in the record, admitted without objection, that Kenton's expenses incurred at Accident and Injury Pain Center ($685.00) and White Rock Open Air MRI ($1,475.00) were neither reasonable nor necessary. Upon the submission of affidavits in compliance with section 18.001 attesting to the reasonableness and

4

necessity of medical expenses, the statute provides for the exclusion of evidence to the contrary, in the absence of a properly filed controverting affidavit. **Hong v. Bennett**, 209 S.W.3d 795, 800 (Tex. App.–Fort Worth 2006, no pet.). An uncontroverted section 18.001 affidavit provides legally sufficient but not conclusive evidence to support a finding that the amount charged for a service was reasonable and the service necessary. **Id.**

The affidavits of the reasonableness of and necessity for Kenton's medical expenses were not conclusive. The trial court was justified in inferring from Dr. Payne's testimony that the expenses Kenton incurred at the Accident and Injury Pain Center and White Rock Open Air MRI were, in fact, not reasonable and unnecessary for his treatment. The trial court's finding was not against the great weight and preponderance of the evidence. Kenton's first issue is overruled.

### JUDICIAL ADMISSION

In his second issue, Kenton complains that the trial court erred in refusing to give effect to Olvera's proposed finding of fact number 11 as a judicial admission that Kenton would require future medical expenses in the amount of $8,000.00.

**Applicable Law**

The elements required for a judicial admission are (1) a statement made during the course of a judicial proceeding, (2) that is contrary to an essential fact or defense asserted by the person making the admission, (3) that is deliberate, clear, and unequivocal, (4) that, if given conclusive effect, would be consistent with public policy, and (5) that is not destructive of the opposing party's theory of recovery. **Laredo Med. Group Corp. v. Mireles**, 155 S.W.3d 417 , 429 (Tex. App.–San Antonio 2004, writ denied).

**Discussion**

Kenton characterizes as a judicial admission Olvera's proposed finding of fact number 11 that "[f]air and reasonable compensation for medical expenses which Stephen Kenton will, in reasonable probability, incur in the future as a result of the accident of September 7, 2002, *in which Ramiro Olvera was not involved, is $8,000.00*." (Emphasis added.).

Like Olvera's other proposed findings, the finding in question, if adopted, would have been entirely destructive of Kenton's recovery. Therefore, the trial court did not err in failing to give

5

effect to the proposed finding as a judicial admission that Kenton would require $8,000.00 in future medical expenses. Appellant's second issue is overruled.

## DISPOSITION

The judgment of the trial court is ***affirmed***.


   BILL BASS
Justice


Opinion delivered April 30, 2009.
*Panel consisted of Worthen. C.J., Hoyle, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by assignment.*

(PUBLISH)