ACCEPTED
07-14-00444-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
8/3/2015 3:21:54 PM
Vivian Long, Clerk

No. 07-14-00444-CV

**IN THE
COURT OF APPEALS FOR THE
SEVENTH DISTRICT OF TEXAS
AMARILLO, TEXAS**

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS

8/3/2015 3:21:54 PM

VIVIAN LONG
CLERK

**PAUL EDWARD HUDSON
Appellant**

**VS.**

**DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL
DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND
HOSPITAL DISTRICT, AND DALLAS COUNTY SCHOOL EQUALIZATION FUND
Appellees**

**Appealed from the
193rd District Court of Dallas County, Texas**

**DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL
DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND
HOSPITAL DISTRICT, AND DALLAS COUNTY SCHOOL EQUALIZATION FUND'S
BRIEF OF APPELLEE**

Edward Lopez, Jr.
Bar No. 12563520
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
Dallas, Texas 75207
(214) 880-0089 telephone
(214) 754-7167 fax
edwardl@lgbs.com
dallas.litigation@lgbs.com
Attorneys for Appellees

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................... i

LIST OF AUTHORITIES............................................................................... ii - iii

IDENTITY OF PARTIES................................................................................ ii

STATEMENT OF THE CASE......................................................................... 1

ISSUES PRESENTED.................................................................................... 1

STATEMENT OF FACTS .............................................................................. 1

SUMMARY OF ARGUMENT ....................................................................... 2

ARGUMENT AND AUTHORITIES............................................................... 2

    **ISSUE NO. 1:** Based upon the briefing standards which all litigants must follow, whether any of Appellant's "issues" represent a sustainable basis for appeal? ....................................................................... 2

    **ISSUE NO. 2:** Whether the evidence presented by the Taxing Units was legally sufficient to support the trial court's rulings and entry of judgment? ........................................................................................... 4

    **ISSUE NO. 3:** Whether this court should disturb the judgment entered by the trial court based upon arguments which were not affirmatively pled and raised for the first time on appeal? ............................................ 6

CONCLUSION ............................................................................................... 6

PRAYER.......................................................................................................... 7

CERTIFICATE OF COMPLIANCE............................................................... 8

CERTIFICATE OF SERVICE ........................................................................ 8

# LIST OF AUTHORITIES

**Case Law:**

*Adams  v. First National Bank,* 154 S.W.3d 859, 871 (Tex. App.- Dallas 2005, no pet.)  ...  6

*Alamo Barge Lines, Inc. v. City of Houston*, 453 S.W.2d 132 (Tex. 1970)...........................  5

*Anheuser Busch v.  Summit Coffee Co.*, 858 S.W.2d 928, 942 (Tex. App.–Dallas 1993, pet. denied).................................................................................................................  3

*Bankhead v. Maddox*, 135 S.W.3d 162, 163 (Tex. App.–Tyler 2004, no pet.) .....................  4

*In Re Becerra*, 100 S.W.3d 637, 640 (Tex. App.–Texarkana 2003, no writ).......................  5

*Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986)......................................................................  4

*Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982)......................................................  5

*Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex. 1988) ...........................................  4

*E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 34 (Tex. 1987)....................................  6

*Escamilla v. City of Laredo*, 9 S.W.3d 416, 421 (Tex. App.-San Antonio 1999, pet. denied)..............................................................................................................................  6

*Fredonia State Bank v. General American Life Insurance Company*, 881 S.W.2d 279, 284, 37 Tex. Sup. Ct. J. 843 (Tex. 1994)..................................................................................  4

*Greenstreet v. Heiskell*, 940 S.W.2d 831, 835 (Tex. App. – Amarillo 1997, no writ) .........  2

*Hall v. Timmons*, 987 S.W.2d 248, 256 (Tex. App.–Beaumont 1999, no pet.).....................  3

*Hays Consolidated Independent School District v. Valero Transmission Company*, 645 S.W.2d 542, 545 (Tex. App. –Austin 1982, writ ref'd n.r.e.)..........................................  5

*Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 866 (Tex. 1982) ...........................................  5

*Labrador Oil Co. V. Norton Drilling Co.*, 1 S.W.3d 795 (Tex. App.–Amarillo 1999, no pet.) ........................................................................................  3

*Larsen v. FDIC/Manager Fund*, 835 S.W.2d 66, 75 (Tex. 1992) .........................................  6

*Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex. App. –El Paso 1997, no writ) ..........................  3

*Most Worshipful Prince Hall v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.–Dallas 1987, writ ref'd n.r.e.) ...............................................................................  3

*Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.-Tyler 2000, pet. denied)...............................................................................................  5

*Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)..................................................  4

*Strange v.  Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.–Dallas 2004,
pet denied), cert. denied, 543 U.S. 1076, 125 S. Ct. 928, 160 L.Ed 2d 816 (2005) .............. 2, 4

*Webb v. Johns*, 488 S.W.2d 407, 411 (Tex. 1972) ................................................................ 5

**Rules of Procedure/Statutes:**

Tex. R. App. P.1.1........................................................................................................... 2

Tex. R. App. P. 33.1(a) .................................................................................................. 6

Tex. R. App. P. 38, 38.1(e) ........................................................................................... 3

Tex. R. App. P 38.1(g) and (h) ...................................................................................... 3

Tex. Prop. Tax Code § 33.47(a) ..................................................................................... 2, 5

## STATEMENT OF THE CASE

This is an appeal of an action filed by Dallas County, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Parkland Hospital District and Dallas County Community College District in their capacity as taxing units situated in Dallas County, Texas (the "Taxing Units") seeking to recover unpaid and delinquent ad valorem business personal property taxes on property within their jurisdictional boundaries.

The defendants in the underlying trial case were Gloria J. Roque, a/k/a Gloria J. Lee, d/b/a Old School Night Club, a/k/a Old School Club and Paul Edward Hudson d/b/a Old School Night Club a/k/a Old School Club. Both parties appeared in court on the trial date of November 10, 2014

## ISSUES PRESENTED

**Issue No. 1:** Based upon the briefing standards which all litigants must follow, whether any of Appellants "issues" represent a sustainable basis for appeal?

**Issue No. 2:** Whether the evidence presented by the Taxing Units was legally sufficient to support the trial court's rulings and entry of judgment?

**Issue No. 3:** Whether this court should disturb the judgment entered by the trial court based upon arguments which were not affirmatively pled and raised for the first time on appeal?

## STATEMENT OF FACTS

This is an action filed by Dallas County, City of Dallas, Dallas Independent School District, Dallas County School Equalization Fund, Parkland Hospital District and Dallas County Community College District in their capacity as taxing units situated in Dallas County, Texas (the "Taxing Units") seeking to recover unpaid and delinquent ad valorem business personal property

taxes on property located at 2910 S. Lamar Street, Dallas, Dallas County, Texas.

Following a bench trial at which both defendants appeared, the trial court considered the evidence, records and testimony presented by the parties and entered judgment in favor of the Taxing Units. On November 10, 2014, the Honorable Judge M. Kent Sims signed a judgment awarding the liquidated claims for delinquent ad valorem business personal property taxes.

## SUMMARY OF THE ARGUMENT

The procedures in a suit to collect delinquent ad valorem business personal property taxes are fairly simple and straight-forward. The taxing units are permitted to establish their *prima facie* case by introducing portions of the tax roll by certified record. Once introduced, the records establish each and every element necessary for the trial court to grant judgment in favor of the Taxing Units. Tex. Prop. Tax Code § 33.47. That process was followed by the Taxing Units in this case. There was no error by the court and the judgment was supported by the evidence. In the absence of fundamental error, an appellate court has no discretion to reverse an otherwise error-free judgment. For these reasons, the judgment of the trial court should be affirmed.

## ARGUMENT AND AUTHORITIES

**Issue No. 1: Based upon the briefing standards which all litigants must follow, whether any of Appellants "issues" represent a sustainable basis for appeal?**

All parties appearing in the appellate courts of Texas must conform to the Texas Rules of Appellate Procedure. *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.–Dallas 2004, pet denied), cert. denied, 543 U.S. 1076, 125 S.Ct. 928, 160 L.Ed 2d 816 (2005). Tex. R. App. Pro. 1.1. A pro se litigant is required to properly present his case on appeal, just as he is required to do at the trial court. *Strange*, 126 S.W.2d at 678. If this were not the rule, pro se

litigants would be given an unfair advantage over those parties represented by counsel. *Greenstreet v. Heiskell*, 940 S.W.2d 831, 835 (Tex. App. – Amarillo 1997, no writ).

The Texas Rules of Appellate Procedure set forth the required contents and organization for an appellant's brief. See, Tex. R. App. P. 38. One such requirement is that appellant's brief must concisely state all issues or points presented for review. Tex. R. App. P. 38.1(e). An issue presented in an appellants brief is considered sufficient if it directs the attention of the appellate court to the particular error from which the complaint is made. *Bankhead v. Maddox*, 135 S.W.3d 162, 163 (Tex. App.–Tyler 2004, no pet.). This guideline is not met when an appellant merely utters brief conclusory statements, unsupported by legal citations. Moreover, the complete absence of legal authority or the complete failure to provide substantive analysis of an issue waives the complaint on appeal. *See, Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex. App. –El Paso 1997, no writ).

To avoid the possibility of waiver due to inadequate or deficient briefing, a party must ensure that arguments raised in support of a position are adequately supported by authority and any necessary record references. *Labrador Oil Co. V. Norton Drilling Co.*, 1 S.W.3d 795 (Tex. App.–Amarillo 1999, no pet.); *Hall v. Timmons*, 987 S.W.2d 248, 256 (Tex. App.–Beaumont 1999, no pet.). Moreover, if the brief fails to refer to pertinent portions of the record, the court may decline to make an independent search of the record. *Anheuser Busch v. Summit Coffee Co.*, 858 S.W.2d 928, 942 (Tex. App.–Dallas 1993, pet. denied); *Most Worshipful Prince Hall v. Jackson*, 732 S.W.2d 407, 412 (Tex. App.–Dallas 1987, writ ref'd n.r.e.). If the factual recitation lacks the necessary references to the record that are required by Appellate Rule 38.1(g) and (h), it cannot provide a basis for the reversal of the trial court's judgment.

On appeal, an appellant bears the burden of discussing his assertions of error. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Strange,* 126 S.W.3d at 678. When reviewing a civil matter, an appeals court cannot consider an issue not raised in appellant's brief, even if the ends of justice would so require. *Bankhead v. Maddox*, 135 S.W.3d at 163-64. Nor can an appeals court speculate as to the substance of the specific issues an appellant urges the court to consider. *Strange*, 126 S.W.3d at 678.

Appellant's Brief is wholly deficient and inadequate to preserve any error on appeal. The Brief is a disjointed, incoherent and random collection of arguments without any reference to the record or authority to support the position taken. Because the Brief is wholly inadequate, and unsupported by the evidence and record, Appellant has waived all prospective issues on appeal. *See, Fredonia State Bank v. General American Life Insurance Company*, 881 S.W.2d 279, 284, 37 Tex. Sup. Ct. J. 843 (Tex. 1994). Accordingly, the Court should affirm the trial court's judgment.

**Issue No. 2: Whether the evidence presented by the Taxing Units was legally sufficient to support the trial court's rulings and entry of judgment?**

When considering a "no evidence" or "legal sufficiency" point on appeal, the courts of appeal can consider only the evidence favorable to the decision of the trier of fact and must disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex. 1988). In considering a factual sufficiency point, the appellate court should assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986). In a bench trial, the trial court is the sole judge of the credibility of the witnesses/evidence and the weight to be

given to their testimony. *Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 866 (Tex. 1982). It may resolve conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of different witnesses. *Webb v. Johns*, 488 S.W.2d 407, 411 (Tex. 1972). The trial judge can reject or accept any witnesses' testimony/evidence, in whole or in part. *In Re Becerra*, 100 S.W.3d 637, 640 (Tex. App.–Texarkana 2003, no writ).

In this case, the evidence was presented by way of certified governmental records (with accompanying affidavits) and no live witnesses were called. As such, the court weighed the only admissible and uncontroverted evidence which was presented. The evidence presented by the Taxing Units relative to their taxes was consistent with state law. Section 33.47(a) of the Texas Property Tax Code provides in relevant part:

> (a) In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amount. (emphasis added)

The Texas Supreme Court has broadly interpreted and applied this section of the Tax Code. *See Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982). Once introduced, certified tax records create a prima facie case "as to every material fact necessary to establish [their] cause of action, including that defendants owned the subject property and owed the amounts claimed. *Phifer v. Nacogdoches County Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.-Tyler 2000, pet. denied); *see also Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982); *Hays Consolidated Independent School District v. Valero Transmission Company*, 645 S.W.2d 542, 545 (Tex. App. –Austin 1982, writ ref'd n.r.e.); *Alamo Barge Lines, Inc. v. City of Houston*, 453

S.W.2d 132 (Tex. 1970). Once the presumption is created, the burden shifts to the taxpayer to introduce evidence in support of its claim that it did not own the subject property or owe the amounts alleged. *Escamilla v. City of Laredo*, 9 S.W.3d 416, 421 (Tex. App.-San Antonio 1999, pet. denied). For this reason, the evidence supported the entry of the court's judgment and should not be disturbed.

**Issue No. 3: Whether this court should disturb the judgment entered by the trial court based upon arguments which were not affirmatively pled and raised for the first time on appeal?**

It is an established rule of Texas procedure, that absent fundamental error, an appellate court has no discretion to reverse an otherwise error-free judgment based upon a new argument raised for the first time on appeal. Tex. R. App. P. 33.1(a); *Larsen v. FDIC/Manager Fund*, 835 S.W.2d 66, 75 (Tex. 1992); *E.F. Hutton & Co. v. Youngblood,* 741 S.W.2d 363, 34 (Tex. 1987)(per curiam). A party cannot complain on appeal about a trial court's failure to award relief when the party never pled for the relief in the trial court. *Adams v. First National Bank,* 154 S.W.3d 859, 871 (Tex. App.- Dallas 2005, no pet.)

Additionally, Appellant's Brief raises issues which were not perfected at trial or in any post judgment pleading. For this reason, this court should affirm the trial court's judgment.

**CONCLUSION**

Appellant's appeal should be denied and the judgment of the trial court affirmed for the reason that Appellant has failed to provide this Court with any basis for reversal. His brief fails to meet the requirements of the Texas Rules of Appellate Procedure and it is devoid of any cohesive, coherent and reasoned analysis. For these reasons, the Court should affirm the trial court's judgment.

## PRAYER

Appellees, the Taxing Units, pray that the Court affirm the Judgment of the trial court, deny all relief requested by Appellant and award the Taxing Units their respective costs on appeal.

Respectfully Submitted,

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP

_____
Edward Lopez, Jr.
State Bar No. 12563520
2777 N. Stemmons Freeway, Suite 1000
Dallas, Texas 75207
Tel. (214) 880-0089
Fax (214) 754-7167
Dallas.litigation@lgbs.com

Attorney for Appellees
Dallas County, et al

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using Microsoft Word and contains 2,666 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Texas Rule of Appellate Procedure 9.4(i)(1).

_____
Edward Lopez, Jr.

## CERTIFICATE OF SERVICE

This will certify that on this the 3rd day of August, 2015 the undersigned attorney served a copy of Appellees' Brief upon the following parties:

Paul Edward Hudson            Via CM/RRR #7014 1820 0000 2078 8389
2935 Sundial Dr.
Dallas, TX 75229

_____
Edward Lopez, Jr.