**Sebastian LEYVA, Appellant,**

v.

**Simona LEYVA, Appellee.**

**No. 08–96–00350–CV.**

Court of Appeals of Texas,
El Paso.

May 30, 1997.

---

Joseph J. Rey, El Paso, for Appellant.

Rudy Hernandez, El Paso, for Appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

BARAJAS, Chief Justice.

This is an appeal from a judgment by the trial court awarding property to Appellee in a divorce action. Finding that Appellant's counsel wholly failed to raise any point(s) of error nor cite any authority, meaningful or otherwise, we affirm the judgment of the trial court.

### SUMMARY OF THE EVIDENCE

This appeal arose from a suit for divorce filed by Sebastian Leyva against Simona Leyva. Appellant filed his suit for divorce on July 11, 1994. Appellee answered with a general denial. Appellant subsequently filed an amended petition for divorce on January 12, 1996. In that petition, the Appellant stated that during the marriage the parties acquired the following properties: 748 Ramsgate and 332 Wenda Way and requested the trial court to distribute to the parties as the law provides. The court's final decree of divorce divided the parties' marital estate under just and right division. The court awarded Appellant: (1) All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of petitioner; (2) all clothing, jewelry, and other personal effects in the possession of or subject to the sole control of petitioner; (3) 1974 Chevrolet truck; 1984 Oldsmobile together with all keys, insurance and all prepaid expenses; and (4) the property located at 332 Wenda Way subject to the $15,000 interest awarded to Respondent. Appellee was awarded similar property as that awarded Appellant in numbers one and two but was awarded the property located at 748 Ramsgate Street and the $15,000 interest.

Appellant now attempts this appeal.

### DISCUSSION

Appeals are governed by the Texas Rules of Appellate Procedure. Rule 74, entitled Requisites of Briefs, governs what is to be contained in briefs filed with the courts of appeals. Section (b) states:

**Table of Contents and Index of Authorities.** The brief shall contain at the front thereof a table of contents with page references where the discussion of each point relied upon may be found and also an index of authorities alphabetically arranged, together with reference to the pages of the brief where the same are cited. The subject matter of each point or group of points shall be indicated in the table of contents.

TEX.R.APP.P. 74(b).

The brief filed by Appellant's counsel does not index any authority nor cite any authority on its sole page of "argument" contained in the brief. Counsel's brief fails to comply with section (b) as well as section (d). Section (d) reads:

**Points of Error.** A statement of the points upon which an appeal is predicated shall be stated in short form without argument and be separately numbered. In parentheses after each point, reference shall be made to the page of the record where the matter complained of is to be found. A point is sufficient if it directs the attention of the appellate court to the error about which complaint is made. In civil cases....

TEX.R.APP.P. 74(d).

A thorough review of the brief does not reveal any point of error relied upon by Appellant. Of utmost importance is Section (f) which states:

**Argument.** A brief of the argument may present separately or grouped the points relied upon for reversal. The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to the pages in the record where the same may be found; and (2) **such discussion of the facts and the authorities relied upon as may be requisite**

to maintain the point at issue. If complaint is made.... [Emphasis added].

TEX.R.APP.P. 74(f).

Appellant, through counsel, states that his argument is "basic in law" and "is also basic law." As stated by this Court before, failure to cite authority in support of a point of error on appeal waives the complaint. *Brooks v. Housing Authority of City of El Paso*, 926 S.W.2d 316, 323 (Tex.App.—El Paso 1996, no writ); *City of El Paso v. Zarate*, 917 S.W.2d 326, 332 (Tex.App.—El Paso 1996, no writ); *Romero v. Parkhill, Smith & Cooper, Inc.*, 881 S.W.2d 522, 529 (Tex.App.—El Paso 1994, writ denied); *see Vinmar, Inc. v. Harris County Appraisal Dist.*, 890 S.W.2d 493, 499 (Tex.App.—El Paso 1994, writ filed); *see* TEX.R.APP.P. 74(f). The omissions in the instant case go beyond the failure to cite authority, in that it wholly fails to address a point of error. Pursuant to Rule 74 of the Texas Rules of Appellate Procedure and "basic" appellate law as cited above, we find that counsel's brief fails to advance any point(s) of error and further fails to cite any authority.[1] Accordingly, we affirm the judgment of the trial court.

---

1. TEX.R.APP.P. 84 provides as follows:
   In civil cases where the court of appeals shall determine that an appellant has taken an appeal for delay and without sufficient cause, then the court may, as part of its judgment, award each prevailing appellee an amount not to exceed ten percent of the amount of damages awarded to such appellee as damages against such appellant. If there is no amount awarded to the prevailing appellee as money damages, then the court may award, as part of its judgment, each prevailing appellee an amount not to exceed ten times the total taxable costs as damages against such appellant.
   A request for damages pursuant to this rule, or an imposition of such damages without request, shall not authorize the court to consider allegations of error that have not been otherwise properly preserved or presented for appellate review.
Given the nature of the Appellant's brief, i.e., the fact that no points of error are advanced nor any authorities cited, we are unable to determine whether this appeal has been taken for delay and without sufficient cause. Consequently, the Court elects to take no action on its own initiative.