COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



JANET VALADEZ,


 Appellant,


v.


LINDA AVITIA AND BASILIO AVITIA,


 Appellees.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-06-00144-CV



Appeal from the


34th District Court


of El Paso County, Texas


(TC# 2006-916)



O P I N I O N


 Appellant, Janet Valadez, appeals the trial court's entry of a default judgment in favor of
Linda and Basilio Avitia ("the Avitias") for violations of the Texas Deceptive Trade Practices Act
and breach of contract. Because Appellant has failed to comply with Tex. R. App. P. 38.1, any issues
presented for review have been waived. We will affirm the trial court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

 The Avitias filed this lawsuit on February 23, 2006, alleging violations of the Texas
Deceptive Trade Practices Act and breach of contract related to the sale of a bakery located in
Fabens, Texas. According to the petition, Valadez signed a contract for the sale of "Fabens Bakery
#1," including the location, various items of personal property, and goodwill, on February 4, 2005. 
The Avitias agreed to pay $27,000 for the business. Following the sale, however, the Avitias
claimed that equipment and other items, which they had been informed were included in the sale,
had been removed from the premises by third parties. The Avitias further alleged that Valadez
continued to publicly claim ownership of the business following the sale and took several actions
which devalued the business. Valadez was served with notice of the suit on March 27, 2006, but
failed to file an answer. The trial court entered a default judgment in the case on May 12, 2006.

 Valadez filed this appeal, pro se, on June 6, 2006. By an order dated September 19, 2006,
we notified Valadez that her brief was not in compliance with the Texas Rules of Appellate
Procedure and would not be filed. Valadez was given until October 19, 2006, to file a brief in
compliance with Rule 38.1. Valadez re-submitted her brief on October 19. The brief consists of two
and one-half pages in which Valadez explains that she was not able to answer the underlying suit due
to personal and medical problems. The remainder of the text consists of twelve numbered
paragraphs in which Valadez recounts her version of the events leading up to the Avitias' lawsuit. 
The brief does not contain a statement of issues which Valadez would have this Court review and
lacks citation to any legal authority. See Tex. R. App. P. 38.1. Because Valadez's brief is not in
compliance with the Rules of Appellate Procedure, she has waived any issues she may have intended
for this Court to address.

DISCUSSION

 Initially we must note that pro se litigants are held to the same standards as licensed attorneys
and must comply with all applicable rules of procedure. Sweed v. City of El Paso, 195 S.W.3d 784,
786 (Tex. App.--El Paso 2006, no pet.). A pro se litigant is required to properly present her case on
appeal, just as she is required to properly present her case to the trial court. Martinez v. El Paso
County, 218 S.W.3d 841, 844 (Tex. App.--El Paso 2007, pet. struck). If this were not the rule, pro
se litigants would benefit from an unfair advantage over those parties who are represented by
counsel. Id. Therefore, we will not make allowances or apply different standards, because a case
is presented by a litigant acting without the advice of counsel. See id.

 The Texas Rules of Appellate Procedure control the required contents and organization for
an appellant's brief. See Tex. R. App. P. 38.1. One of those requirements is that an appellant's brief
must concisely state all issues or points presented for review. Tex. R. App. P. 38.1(e). An issue
presented in an appellant's brief is sufficient, if it directs the reviewing court's attention to the error
about which the complaint is made. Martinez, 218 S.W.3d at 844. The appellant's brief must also
contain a clear and concise argument, including appropriate citations to authority and the record. 
See Tex. R. App. P. 38.1(h). This requirement is not satisfied by merely uttering brief conclusory
statements unsupported by legal citations. Sweed, 195 S.W.3d at 786. Failure to cite legal authority
or provide substantive analysis of the legal issue presented results in waiver of the complaint. 
Martinez, 218 S.W.3d at 844 (citing Leyva v. Leyva, 960 S.W.2d 732, 734 (Tex. App.--El Paso 1997,
no writ)).

 It is the Appellant's burden to discuss her assertions of error. Id. An appellate court has no
duty--or even right--to perform an independent review of the record and applicable law to determine
whether there was error. Id. Were we to do so, even on behalf of a pro se appellant, we would be
abandoning our role as neutral adjudicators and become an advocate for that party. Id. (citing
Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.--Amarillo 2003, pet. denied)). In the review
of a civil case, the appellate court has no discretion to consider an issue not raised in the appellant's
brief, even if the ends of justice so require. Id. (citing Bankhead v. Maddox, 135 S.W.3d 162, 163-64 (Tex. App.--Tyler 2004, no pet.)).

 As we have discussed above, Valadez's brief does not contain any legal analysis or citation
to legal authority. She has not identified an issue for review. It would be inappropriate for this
Court to attempt to re-draft and articulate what we believe Valadez may have intended to raise as
error on appeal. See id. at 845. Due to Valadez's failure to comply with the requirements of Texas
Rule of Appellate Procedure 38, she has waived her issues on appeal. See Fredonia State Bank v.
General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). Finding that Appellant has failed to
raise an issue for review, we affirm the trial court's judgment.


 KENNETH R. CARR, Justice


October 18, 2007


Before Chew, C.J., McClure, and Carr, JJ.