COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| RICK JOHN BRUNNER, | § | No. 08-09-00289-CR |
| Appellant, | § | Appeal from |
| v. | § | 112th District Court |
| THE STATE OF TEXAS, | § | of Pecos County, Texas |
| Appellee. | § | (TC # 2874) |
| | § | |

**O P I N I O N**

Rick John Brunner appeals his conviction of theft of property over $1,500 but less than
$20,000 enhanced with two prior felony convictions. The trial court assessed punishment at twenty
years' imprisonment.[1] For the reasons that follow, we affirm.

**FACTUAL BACKGROUND**

On the night of October 7, 2008, Lorne Smith, a surveyor from Oklahoma, spent the night
at the Best Western Hotel in Fort Stockton, Texas.[2] Smith was in Texas to do some work for an oil
firm in Fort Stockton. To assist with his job, Smith brought an all-terrain vehicle (ATV) mounted
on a utility trailer. Smith saw the ATV, sitting on the trailer, securely attached to his truck, in the
parking lot of the Best Western at approximately 10 p.m.

The next morning, between 6:30 and 7 a.m., Smith awoke and discovered the utility trailer

---

[1] At trial, the State filed a Motion for Joinder requesting Appellant's cause be joined with Ricky Russell Kucha.
The Court approved the joinder and the cases of Appellant and Kucha were consolidated for purposes of the bench trial.
After hearing evidence, the trial judge found Appellant and Kucha guilty and sentenced each of the men to twenty years'
imprisonment in the Texas Department of Criminal Justice, Institutional Division (TDCJ). Ricky Russell Kucha appeals
his conviction in a companion case, *Kucha v. State,* 08-09-00281-CR.

[2] The City of Fort Stockton is in Pecos County where this case was tried.

and ATV missing. He promptly reported the theft to the local police. Officer Chris Orona responded to the call and took Smith's statement. Smith also provided the officer with two documents which were admitted into evidence. The first was a receipt for the purchase of the ATV. It described the ATV as a "new ranger," listed a serial number for the vehicle, and listed a price of $11,550. The second document was a certificate of ownership for the utility trailor which included a vehicle identification number. Smith identified both documents at trial.

That same day, at approximately 12:30 p.m., two men (later identified as Appellant and Kucha) pulled into the Wildcat Express convenience store and gas station in Weimar, Texas.[3] Shirley Ulrich, an employee at the gas station, testified that the two men arrived in a truck, pulling a utility trailer with an ATV. One of the men got out of the car and asked her to turn on the pump, which she did. She noticed the truck did not have a front license plate so she kept on eye on the men as they pumped the gas. Sure enough, a few minutes later the two men drove off without paying for the gas.

Nick Fumakeya, the owner of the gas station, was also present at the store. As soon as the men drove off, he jumped into his truck and followed them. His employees called the local police and reported the incident. At some point during his pursuit, the police caught up. Fumakeya backed off the chase and Sheriff Wied took over, eventually pulling the two men over a few miles down the road.

Sheriff Wied, along with the back up officers who arrived on the scene, identified the driver as Appellant and the passenger as Kucha. He ran both driver's licenses and discovered outstanding warrants for their arrest based on parole violations. Sheriff Wied then ran the truck's license plate and found it had been reported stolen out of El Paso County. He arrested the two men and turned

---

[3] Weimar is located in Colorado County, approximately 415 miles from Fort Stockton.

them over to the Weimar Police Department, who later discovered the utility trailer and ATV had also been stolen. Sheriff Wied testified that neither suspect claimed ownership nor showed any proof of ownership with regard to the vehicles.

At trial, the State introduced several photographs of the utility trailer and ATV recovered from Appellant and Kucha. Smith, Ulrich, Fumakeya, and Sheriff Wied all identified the trailer and ATV in the photos as those they had seen on October 7 and 8, 2008.

During closing arguments, defense counsel moved for an instructed verdict, claiming the State failed to prove venue as alleged in the indictment because no evidence was presented establishing that his client obtained possession of, exercised control over, or attempted to deprive the owner of his property in Pecos County, including no evidence his client was ever seen in Pecos County. While the court did not directly rule on the motion, the trial judge implicitly overruled it when he found Appellant guilty of theft, "as alleged in the indictment occurring October 8, 2008, in Pecos County, Texas."

During the punishment phase, Appellant entered a plea of not true to the enhancement paragraphs. To support of the enhancement paragraphs, the State introduced two penitentiary (pen) packets. Pat Harris, a fingerprint identification expert, testified that he took Appellant's fingerprints on the date of trial and that the fingerprints he took matched those included in the pen packets.

# VENUE

In Issue One, Appellant queries "whether the honorable court erred in denying Appellant's motion for an instructed verdict of acquittal because there was no evidence, or in the contrary, insufficient evidence to support a conviction." Although by his initial statement of the issue it appears he is challenging the legal sufficiency of the evidence in general, we interpret his issue to challenge only the legal sufficiency of the evidence to prove venue.[4]

## *Standard of Review*

We presume that venue is proved at the trial court unless the record affirmatively shows the contrary or venue is specifically made an issue at trial. TEX.R.APP.P. 44.2(c )(1); *see Clark v. State*, 558 S.W.2d 887, 891 (Tex.Crim.App. 1977); *Lozano v. State*, 958 S.W.2d 925, 929 (Tex.App.-- El Paso 1997, no pet.). A motion for an instructed verdict of acquittal directly challenging proof of venue, such as the motion made by Brunner in this case, timely raises and preserves the issue for appeal. *Black v. State*, 645 S.W.2d 789, 791 (Tex.Crim.App. 1983); *Lozano*, 958 S.W.2d at 929. Therefore, we cannot adhere to the presumption the State met its burden of proof. *See Black*, 645 S.W.2d at 793.

Failure to prove venue in the county of prosecution is reversible error. *Black*, 645 S.W.2d at 791; *Lozano*, 958 S.W.2d at 929. Because venue is not a "criminative fact," thus not a constituent element of the offense, it must only be proven by a preponderance of the evidence, rather than proved beyond a reasonable doubt. TEX.CODE CRIM.PROC.ANN. art. 13.17 (West 2005); *Black*, 645 S.W.2d at 790; *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981)(noting that a failure to prove venue does not negate the guilt of the accused). Proof of venue may be

---

[4] Appellant references his motion for instructed verdict in which the only issue raised was the State's failure to prove venue.

established by direct or circumstantial evidence. *Black*, 645 S.W.2d at 790; *Lozano*, 958 S.W.2d at 929. The trier of fact may make reasonable inferences from the evidence. *Valdez v. State*, 993 S.W.2d 346, 349 (Tex.App.--El Paso 1999, pet. ref'd); *Lozano*, 958 S.W.2d at 929; *Ybarra v. State*, No. 08-00-00531-CR, 2003 WL 550285, at *6 (Tex.App.--El Paso Feb. 27, 2003, no pet.)(not designated for publication). The evidence is sufficient if the jury may reasonably conclude that the offense was committed in the county alleged. *Black*, 645 S.W.2d at 793; *Rippee v. State*, 384 S.W.2d 717, 718 (Tex.Crim.App. 1964).

On appeal, we view all the evidence in the light most favorable to the verdict and then determine whether a rational trier of fact could have found venue was proper by a preponderance of the evidence. *Gabriel v. State*, 290 S.W.3d 426, 435 (Tex.App.--Houston [14th Dist.] 2009, no pet.), *citing Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). If there is evidence establishing venue by a preponderance, we are not authorized to reverse the judgment on sufficiency of the evidence grounds. *Gabriel*, 290 S.W.3d at 436.

*Applicable Venue Statute*

The trial court must examine the facts of the case and apply the statutory requirements to those facts to determine whether the general venue statute or the theft-specific venue statute is appropriate. *Stewart v. State* 44 S.W.3d 582 (Tex.Crim.App. 2001). Appellant argues that the applicable venue statute is the general venue statute found in Article 13.18 of the Texas Code of Criminal Procedure and not the theft-specific venue statute found in Article 13.08. Under the general venue statute, "[i]f venue is not specifically stated, the proper county for the prosecution of offenses is that in which the offense was committed." TEX.CODE CRIM.PROC.ANN. art. 13.18. The theft-specific venue statute provides:

(a) Where property is stolen in one county and removed by the offender to another

county, the offender may be prosecuted either in the county where he took the property or in any other county through or into which he may have removed the same.

(b) An offense under Section 31.16, Penal Code, may be prosecuted in any county in which an underlying theft could have been prosecuted as a separate offense.

TEX.CODE CRIM.PROC.ANN. art. 13.08 (West Supp. 2010).

Appellant first contends that Article 13.08(b) is not applicable because the theft of the ATV and trailer do not meet the definition of "retail theft" as defined by Article 31.16 of the Texas Penal Code. We need not address the issue of whether the stolen items qualify as an offense under subsection (b) because the applicable theft- specific provision would be Section (a). *See Smith v. State*, No. 05-09-00168-CR, 2009 WL 3449737 (Tex.App.--Dallas Oct. 28, 2009, no pet.)(not designated for publication).

Appellant also relies on *Jones v. State*, 979 S.W.2d 652 (Tex.Crim.App. 1998). There, the crime charged was theft by receiving. *Jones v. State*, 979 S.W.2d at 653. Camcorders had been stolen from Brazos County and transported to Burleson County. Jones took possession of the stolen camcorders in Burleson County and then took them to Travis County where he pawned them. The Court of Criminal Appeals held that the theft-specific venue statute was applicable but that the State had failed to prove venue was proper in Brazos County *as to Jones* because he did not receive the goods in Brazos County and there was no evidence he transported the goods through that county. The court went on to note that even if the general venue statute applied, venue would not be proper in Brazos County because Jones was charged with theft by receiving, meaning that venue would have attached only in Burleson County where Jones received the stolen goods. Appellant interprets the opinion to hold that since the State did not prove Jones received the property in Brazos County, the theft-specific venue statute never attached in Brazos County. Appellant then argues that since he

was found in possession of the stolen goods in Colorado County and no one saw him in Pecos County, the State could only file charges in Colorado County were Appellant was found in possession.

Appellant's reliance on *Jones* is misplaced. The theft-specific venue statute is designed for exactly this type of case. Further, the State met its burden of proof. Smith testified that at approximately 10 p.m. on October 7, the ATV and trailer were attached to his truck in Fort Stockton. He didn't give anyone permission to take the vehicles, yet by 7 a.m. the next morning the vehicles were gone. Officer Orona took the police report. Testimony from Ulrich, Fumakeya, and Sheriff Wied established that on the same day around noon, Appellant arrived at a gas station in Weimar in possession of the stolen ATV and trailer. Both Ulrich and Sheriff Wied testified that one can travel Interstate10 from Fort Stockton to Weimar in approximately six and a half hours. This testimony would allow a rational trier of fact to conclude venue was proven by a preponderance of the evidence. Because the evidence is legally sufficient to prove that venue was proper in Pecos County, we overrule Issues One and Two.

### PRIOR CONVICTIONS

Appellant next contends that State's Exhibits 16 and 17, the pen packets used to prove the enhancement paragraphs, are insufficient as a matter of law to enhance the primary conviction. He argues that the exhibits were not properly authenticated in accordance with Texas Rules of Evidence 901 and 902 and therefore should not have been admitted. Initially we note that Appellant's argument is contained in a single paragraph with only one legal citation and no record references. An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX.R.APP.P. 38.1(i). Failure to cite authority or provide substantive analysis waives an issue on appeal. *See Federal Sign v. Texas Southern*

*University*, 951 S.W.2d 401, 410 (Tex. 1997); *Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex.App.--El Paso 1997, no writ). While Appellant correctly cites to *Beck v. State*, 719 S.W.2d 205 (Tex.Crim.App. 1986) for the proposition that the State must not only prove the prior convictions, but prove by independent evidence that the defendant was the individual previously convicted, he cites no additional authority to support his argument that the pen packets here were not admissible. Therefore, Appellant has not adequately briefed this issue for our review. TEX.R.APP.P. 38.1(i). Moreover, his argument lacks merit.

*Standard of Review*

The State bears the burden to prove prior convictions beyond a reasonable doubt. *Beck*, 719 S.W.2d at 209-10. In order to meet its burden, the State must not only prove beyond a reasonable doubt that a prior conviction exists, but that the defendant is linked to that conviction. *See Flowers v. State*, 220 S.W.3d 919, 921 (Tex.Crim.App. 2007); *Beck*, 719 S.W.2d at 210. Under *Beck,* the State may prove a defendant's prior convictions by offering certified copies of the judgment and sentence, along with independent evidence showing the defendant is the same person named in the previous convictions. *See Beck*, 719 S.W.2d at 209-10. The requirement of independent evidence to establish a link between the prior convictions and the defendant can be met in several ways, one of which is introduction of certified copies of judgment, sentence, and record of the Texas Department of Corrections or county jail, including fingerprints of the accused, supported by expert testimony identifying them with known prints of the defendant. *Id.*

*Analysis*

Appellant was indicted for the offense of theft of property with a value of at least $1,500 but less than $20,000, a state jail felony. TEX.PEN.CODE ANN. § 31.03(e)(4)A)(West Pamphlet 2010). The indictment contained enhancement paragraphs alleging two prior sequential felony convictions, thereby enhancing the offense to a second degree felony. TEX.PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp. 2010). Section 12.42(a)(2) allows a defendant charged with a state jail felony to be punished for a second degree felony if it is shown that, "the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final." TEX.PEN.CODE ANN. § 12.42(a)(2). In two enhancement paragraphs the indictment charged that:

> [O]n the 1st of September, 1982, in cause number 355695, in the 179th District Court of Harris County, Texas, the defendant was convicted of the felony offense of Burglary of a Building;

> And it is further presented in an to said Court that, prior to the commission of the primary offense, and after the conviction in cause number 355695, was final, the defendant committed the felony offense of Burglary of a Habitation; and was convicted on the 8th of November, 1985, in cause number 432107 in the 248th District Court of Harris County, Texas;

During trial, the State introduced two pen packets which were admitted as State's Exhibits 16 and 17. Each contains an affidavit certifying the attached information relates to Rick John Brunner, and includes true and correct copies of the original records. Both affidavits are signed by the custodian of records at TDCJ, bear a State of Texas seal, and certify that the enclosed documents are self-authenticating in accordance with Texas Rules of Evidence 901 and 902. In addition to the affidavit, each pen packet contains a copy of the judgment and sentence, photographs of Appellant, and a fingerprint card. At trial, the State brought a fingerprint expert who testified the fingerprints of Appellants taken on the day of trial matched those contained in the pen packets.

On appeal, it appears Appellant's argument is that the fingerprints in the pen packets, while attached to a certification from the custodian of records at the TDCJ, are not also attached to an independent certification by the district clerk of the original convicting court and therefore there is nothing to show that the prints made by the TDJC are "one and the same as the Appellant's." This exact issue was addressed by the Texas Court of Criminal Appeals in *Reed v. State*, 811 S.W.2d 582 (Tex.Crim.App. 1991). There, the court overruled prior case law requiring the clerk of the convicting court to certify pen packets, and held that the Texas Department of Criminal Justice, Institutional Division record clerk's certification of the pen packet constitutes proper authentication in accordance with Rule 902(4) of the (then) Texas Rules of Criminal Evidence. *Reed,* 811 S.W.2d at 586. In light of *Reed*, we overrule Issue Two and affirm the judgment of the trial court.

August 24, 2011

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.

(Do Not Publish)